UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR CALDERON LUNA, | Case No.  1:26-cv-01576-JLT-HBK |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO FILE NOTICE REGARDING STATUS OF SERVICE ON UNSERVED DEFENDANTS |
| v. | |
| CITIGROUP, INC., et al., | FOURTEEN-DAY DEADLINE |
| Defendants. | |

More than 90 days have elapsed since Plaintiff filed the complaint in this action.  (Doc. 1). Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  The 90-day time limit, however, does not apply to service in a foreign country under Rule 4(f).  "However, 'the amount of time allowed for foreign service is not unlimited.'" *Sport Lisboa e Benfica - Futebol SAD v. Doe 1*, No. CV 18-2978-RSWL-E, 2018 WL 4043182, at *4 (C.D. Cal. Aug. 21, 2018) (quoting *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005)).  "The Court may set a reasonable time limit to serve a foreign party."  *Blueline Equip. Co., LLC v. Kokanovic*, No. 1:24-CV-03051-RLP, 2025 WL 1244765, at *1 (E.D. Wash. Apr. 29, 2025) (citing *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015)); *see Heredia v. MTK Glob. Sports Mgmt., LLC*, No. 5:20-CV-02618-JWH-SSC, 2024 WL 3740104, at

*3 n.3 (C.D. Cal. July 12, 2024)).

The Court's review of the docket does not show proof of service as to Defendants Banco Nacional de Mexico, Citibanamex, and Grupo Financiero Banamex, S.A., de C.V.  Because these entities appear to be located in Mexico, service may require compliance with Rule 4(f), the Hague Service Convention, or, if any defendant qualifies as an agency or instrumentality of a foreign state, the Foreign Sovereign Immunities Act and 28 U.S.C. § 1608.

Accordingly, it is ORDERED:

1. Within fourteen (14) days from the date of entry of this Order, Plaintiff shall file a notice identifying with specificity the efforts Plaintiff has undertaken to effectuate service on Banco Nacional de Mexico, Citibanamex, and Grupo Financiero Banamex, S.A., de C.V.

2. The notice shall state, for each defendant separately:

   a. The physical address or addresses at which Plaintiff seeks to accomplish service;

   b. The legal basis for the proposed method of service;

   c. The dates on which Plaintiff initiated service efforts;

   d. The documents transmitted for service;

   e. Whether Spanish translations were prepared and transmitted;

   f. Whether any request for service was submitted through Mexico's Central Authority under the Hague Service Convention;

   g. Whether Plaintiff contends any defendant is an agency or instrumentality of a foreign state and, if so, what steps Plaintiff has taken under 28 U.S.C. § 1608; and

   h. The current status of Plaintiff's service efforts, including any responses received.

3. If Plaintiff has not initiated service on Banco Nacional de Mexico, Citibanamex, and Grupo Financiero Banamex, S.A., de C.V., Plaintiff shall also show cause why that defendant should not be dismissed.

4. Failure to comply with this Order may result in sanctions, including a recommendation that unserved defendants be dismissed without prejudice.

2

Dated:     June 1, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE